**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| GARRY ROSEMOND, |
| *Plaintiff*, |
| v. |
| PAMELA B. WASHINGTON et al., |
| *Defendants*. |

Civil Action No. 24-927 (TJK)

## **MEMORANDUM**

In February 2024, Plaintiff, proceeding pro se, sued Defendants—two employees of the District of Columbia—in D.C. Superior Court. Plaintiff alleges that they violated several of his federal constitutional and statutory rights when they suspended his driver's license because of his failure to pay child support without proper notice. Defendants removed and now move to dismiss for failure to state a claim. Because Plaintiff has failed to plausibly allege that Defendants are liable to him, the Court will grant the motion and dismiss the case.

### **I.  Background**

Plaintiff alleges that, as far back as 2013, he has been litigating whether he must pay child-support payments. ECF No. 16 at 6–9. Though he argues that the courts and administrative agencies lack jurisdiction over him, he alleges that he was in fact ordered to pay child support in 2018. *Id.* at 8. Although it is unclear to the Court what Plaintiff contends happened next, he appears to allege that, at some point before July 2019, he received a "notice proposing to suspend his driver's license or vehicle registration based on an alleged failure to pay child support." ECF No. 1-2 at 9. Though Plaintiff began administrative proceedings to "dispute" that notice, the Administrative Law Judge assigned to the case dismissed it with prejudice for failure to prosecute. *Id.* at 9–10.

Plaintiff does not allege when his license ultimately was suspended. But he alleges that, in June 2023, employees at the D.C. Attorney General's Office mailed him a "Notice of Suspension." ECF No. 14-1 at 1. But because he no longer lived where the notice was sent, he says he never received it. *Id.* Thus, he "wasn't aware of [his] suspension until [he] was pulled over by law enforcement" sometime later. *Id.*

In February 2024, Plaintiff sued to challenge his driver's license suspension. He alleges that Defendants, particularly "Kimberly Smith[,] an agent for the Child Support Services Division[,] failed to properly serve notice before suspension of [his] driver[']s license." ECF No. 1-2 at 2. That failure allegedly violated about a dozen federal statutes, "federal rule of civil procedure rule [sic] 4 service of process, due process[,] and several Constitutional rights." *Id.* at 2–3. Defendants subsequently removed the case and now move to dismiss for failure to state a claim. ECF Nos. 1, 12.

## II.     Legal Standard

Under Rule 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A claim is plausible if "it contains factual allegations that, if proved, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017) (quotation omitted). The Court must "accept all the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences from those allegations in the plaintiff's favor." *Id.* (quotation omitted). But it must disregard "a legal conclusion couched as a factual allegation." *Cason v. NFL Players Ass'n*, 538 F. Supp. 3d 100, 109 (D.D.C. 2021) (quotation omitted).

When a plaintiff proceeds pro se, the Court must construe his complaint liberally. *See Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017). And the Court must consider not only

the facts in the complaint, but also those he presents in opposing Defendants' motion to dismiss. *See Watson v. D.C. Water & Sewer Auth.*, 249 F. Supp. 3d 462, 464 (D.D.C. 2017); *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015). At the same time, "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003); *Stubbs v. L. Off. of Hunter C. Piel, LLC*, 148 F. Supp. 3d 2, 2, 4 (D.D.C. 2015), *aff'd*, 672 F. App'x 3 (D.C. Cir. 2016) (applying this rule to pro se plaintiffs).

### III. Analysis

Defendants argue that the complaint should be dismissed for failure to state a claim for several reasons, and Plaintiff fails to respond to most to them. As explained below, the complaint must be dismissed for failure to state a claim.

Begin with Plaintiff's constitutional claims against Defendants in their individual capacities.[1] Plaintiff alleges that Defendants violated his right to procedural due process when they "automatically suspend[ed]" his driver's license with insufficient notice and "without assessing whether his failure to pay [child support] was willful or the result of [his] inability to pay." ECF No. 1-2 at 1; ECF No. 16 at 1. Even assuming Defendants' conduct violated his Fifth Amendment rights,[2] as individuals, they are entitled to qualified immunity unless their actions violate "clearly established" law. *McGinnis v. District of Columbia*, 65 F. Supp. 3d 203, 216 (D.D.C. 2014) (quotation omitted). And while Defendants asserted qualified immunity in their motion to dismiss,

---

[1] The Court construes Plaintiff's constitutional claims as being brought under 42 U.S.C. § 1983. *See* ECF No. 16 at 3.

[2] That amendment contains the Due Process Clause applicable to the District of Columbia. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

3

ECF No. 12 at 8–9, Plaintiff fails to respond to their argument or explain how Defendants' actions violated clearly established law. By failing to respond or to identify any cases clearly "identify[ing] the 'contours of the right' at issue, let alone in a manner that would make it 'clear to a reasonable official that his conduct was unlawful in the situation he confronted,'" Plaintiff has forfeited this argument. *Fox v. Gov't of D.C.*, 794 F.3d 25, 29 (D.C. Cir. 2015) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). Thus, Plaintiff has failed to plausibly allege that Defendants are individually liable for this deprivation of his right to due process.[3]

Plaintiff explains in his opposition that he seeks to press his constitutional claims against Defendants in their official capacities as well. ECF No. 16 at 10. But that gets him no further. A "section 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself." *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). And to trigger municipal liability under § 1983, "the plaintiff must show both a predicate violation of some right, privilege, or immunity secured by the Constitution or laws of the United States and 'that the municipality's custom or policy caused the violation.'" *Miner v. District of Columbia*, 87 F. Supp. 3d 260, 266 (D.D.C. 2015) (citation omitted) (quoting *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004)).

Defendants argue that Plaintiff has failed to plausibly allege that any constitutional violations stemmed from municipal policy or custom, and again, Plaintiff does not meaningfully respond to their argument. At best, he alleges with no support that "all agents . . . automatically suspend[] the driver's licenses of those who fail to pay court fines or fees." ECF No. 16 at 1. But

---

[3] Plaintiff also alleges that Defendants violated "several" of his other "Constitutional rights," but he does not identify them. ECF No. 1-2 at 2. In any event, because he has failed to respond to Defendants' qualified-immunity arguments, he has conceded those arguments for these asserted claims, too.

to nakedly assert that "all agents" partake in an allegedly unlawful practice, without alleging any further factual detail, is simply a conclusory assertion that the jurisdiction has an unlawful custom. "When a plaintiff seeks to establish 'custom and policy' municipal liability under § 1983 in the absence of an express policy, []he must allege 'concentrated, fully packed, precisely delineated scenarios' as proof that an unconstitutional policy or custom exists." *Page v. Mancuso*, 999 F. Supp. 2d 269, 284 (D.D.C. 2013) (quoting *Parker v. District of Columbia*, 850 F.2d 708, 712 (D.C. Cir. 1988)). To the contrary, "a mere assertion in one's complaint that a city has a 'custom and practice' of committing the complained of constitutional violation is not" "sufficient to satisfy the relevant pleading standards." *Id.* at 285. In the end, then, a blanket allegation of a widespread custom, without "cit[ing] any incident other than the events alleged in [the] complaint that might provide a basis for concluding" the District of Columbia has an unlawful custom, is not enough. *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 59 (D.D.C. 2011). Thus, Plaintiff has not plausibly alleged that Defendants, in their official capacities, are liable for any constitutional violations.

Finally, Plaintiff does not meaningfully respond to Defendants' arguments that Plaintiff's claims based on the over-a-dozen federal statutes, regulations, and cases referenced in the complaint should also be dismissed for failure to state a claim. As Defendants point out, Plaintiff's inclusion of these authorities amounts to a conclusory assertion that Defendants violated them. Yet "legal conclusions" of this kind are not enough to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678. In response, Plaintiff merely reasserts that "[t]he Office for the Attorney General, Child Support Services Division, and DC Superior Court Judges could . . . be in violation" of the same statutes he referenced. ECF No. 16 at 5. Again, this does not grapple with any of the pleading requirements or explain how such "unadorned, the-defendant-unlawfully-

5

harmed-me accusation[s]" comply with the Federal Rules of Civil Procedure. *Iqbal*, 556 U.S. at 678. Thus, Plaintiff has failed to plausibly allege that Defendants are liable under the string of cases, regulations, and statutes he lists in his complaint as well. *See* ECF No. 1-2 at 3.

## IV.    Conclusion

For all the above reasons, the Court will grant Defendants' Motion to Dismiss and dismiss the case for failure to state a claim. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 25, 2025